**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

DELVYN MARIO A. C.,

Petitioner,

v.

ERIC TOLLEFSON, *Sheriff of Kandiyohi County Jail*; DAVID EASTERWOOD, *ICE Field Office Director*; DAVID VENTURELLA, *Director of Immigration and Customs Enforcement*; MARKWAYNE MULLIN, *Secretary of U.S. Department of Homeland Security*; TODD BLANCHE, *Attorney General, U.S. Department of Justice*; and SIRCE E. OWEN, *Director of Executive Office for Immigration Review (EOIR)*,

Respondents.[1]

Case No. 26-cv-3936 (LMP/EMB)

**ORDER GRANTING HABEAS PETITION**

Delvyn Mario A. C., pro se.

Carl Berry, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Delvyn Mario A. C.[2] brings a petition for writ of habeas corpus, challenging the legality of his detention. Delvyn is a citizen and national of Mexico who appears to have been in the United States since at least 2021. ECF No. 7-1 at 3. He was

1 When used in this Order, "Respondents" or "Government" refer to the federal officials named as Respondents. Respondent Eric Tollefson, Kandiyohi County Sheriff, has not participated in these proceedings.

2 The Court uses Petitioner's first name throughout this order to comport with this District's practice of using only the first name and last initials of any non-governmental parties in immigration cases. No disrespect is intended in doing so.

arrested in Bismarck, North Dakota, on July 28, 2026, as part of a "targeted operation" between U.S. Border Patrol, Homeland Security Investigations, and the Bismarck Police Department. *Id.* at 2. But Delvyn appeared to be "collateral" to the target of the law enforcement operation. *Id.* Upon arrest, Delvyn had in his possession a "Green Card," which was determined to be fraudulent. *Id.* at 3. He also had an Oregon identification card and Social Security card that were associated with a different person. *Id.* Delvyn also has a misdemeanor conviction in Oregon for "hit and run." *Id.*

Delvyn is currently in custody as removal proceedings go forward against him in immigration court. His next hearing is scheduled before Immigration Judge Jared L. Grimmer on October 19, 2026, at 8:30 a.m. ECF No. 7-3. In his petition, Delvyn argues that he should not be detained because he is not a danger to the community and because his detention is causing severe hardship to his family. *See* ECF No. 1 at 6. Delvyn represents that he is a father to a four-year-old daughter who is a U.S. citizen and is expecting the birth of another child in January 2027 with his life partner who is a U.S. citizen. ECF No. 1 at 6; ECF No. 1-1. Delvyn also argues that his continued detention without having been given a bond hearing before the immigration court violates his constitutional due process rights. *See id.*

The Government was directed to file a response to the habeas petition, which it has done. *See* ECF No. 6. After reviewing the habeas petition, the Government's response, and the documents submitted, the Court concludes that Delvyn's continued detention without a bond hearing violates the Due Process Clause and that Delvyn is entitled to present evidence to an immigration judge regarding his amenability for release on bond.

The Government is correct to point out that, pursuant to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), Delvyn is subject to detention under 8 U.S.C. § 1225(b)(2) while his removal proceedings remain ongoing. The Government is also correct to point out that detention under Section 1225(b)(2) is, on the face of the statute, generally mandatory. *See* 8 U.S.C. § 1182(d)(5)(A). Nothing in Section 1225(b)(2) itself entitles Delvyn to a bond hearing to determine whether his release from detention is appropriate under the circumstances.

Delvyn, however, does not claim that Section 1225(b)(2) itself entitles him to a bond hearing. Rather, Delvyn contends that the Due Process Clause requires that he be afforded an opportunity before an immigration judge to establish the appropriateness of his release on bond as the removal proceedings against him go forward. *See* ECF No. 1 at 6. The Court agrees. As has been explained in further detail in prior cases, *see, e.g.*, *Jesus Alejandro G. A. v. Blanche*, No. 26-cv-1932 (LMP/ECW) (ECF No. 17), 2026 WL 1383138 (D. Minn. May 18, 2026) *vac'd on other grounds* (ECF No. 21), detention during the pendency of removal proceedings implicates Delvyn's protected liberty interests. The Due Process Clause therefore requires that Delvyn be afforded adequate procedural protections before being deprived of that protected liberty interest. The Court has previously determined that a bond hearing consistent with 8 C.F.R. § 1003.19(d) is adequate to safeguard that protected liberty interest without imposing a substantial burden upon the Government. *See Jesus Alejandro G. A.*, 2026 WL 1383138, at *11–13.

The Government's arguments opposing this conclusion have already been addressed in prior cases in further detail. To summarize here: the Government is wrong to

suggest that because there is no dispute that Delvyn is subject to Section 1225(b)(2), a bond hearing would be meaningless. The question to be decided at the bond hearing will not be whether Delvyn is subject to Section 1225(b)(2), but rather whether Delvyn is a flight risk or danger to the community. Moreover, Delvyn's situation differs from that of immigration detainees subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) because Delvyn does not have a qualifying criminal record. *See Banyee v. Garland*, 115 F.4th 928, 931–34 (8th Cir. 2024). For detainees who have been convicted of a serious criminal offense, "any due process concerns regarding mandatory detention without a bond hearing . . . [are] mitigated because those noncitizens, as part of securing their criminal convictions, would have received the 'full procedural protections our criminal justice system offers.'" *See Jesus Alejandro G. A.*, 2026 WL 1383138, at *7 (quoting *Demore v. Kim*, 538 U.S. 510, 513 (2003)). Delvyn, by contrast, has been afforded no procedural protection since his July 28, 2026 arrest.

This does not mean that Delvyn's detention necessarily is unlawful. Delvyn offers several reasons, including his ties to the community and relative lack of criminal history, as grounds for concluding that release on bond would be appropriate for him. *See* ECF No. 1 at 6. An immigration judge may disagree though, and, if the immigration judge denies release on bond, then Delvyn will have received the process that he is due. But Delvyn is entitled under the Due Process Clause to the opportunity to present his arguments at an individualized bond hearing, and his habeas petition is granted insofar as he requests such a hearing.

## ORDER

For these reasons, and based on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that:

1. Delvyn Mario A. C.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2. The Government is **ORDERED** to provide Delvyn Mario A. C. with a bond hearing consistent with 8 C.F.R. § 1003.19(d) no later than **5:00 p.m. on October 20, 2026**. This deadline may be waived by Delvyn's consent; and

3. The Government is **ORDERED** to file a status report certifying its compliance with this Order no later than **5:00 p.m. on October 21, 2026**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: October 13, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge